DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant guilty of one count of aggravated robbery, in violation of R.C. 2911.01(A)(3). For the reasons that follow, we affirm the decision of the trial court.
On appeal, appellant sets forth the following assignments of error:
"First Assignment of Error
 "DEFENDANT-APPELLANT'S CONVICTION IS SUPPORTED BY INSUFFICIENT EVIDENCE AND IS THEREFORE A DENIAL OF DUE PROCESS.
"Second Assignment of Error
 "DEFENDANT-APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"Third Assignment of Error
 "INSOFAR AS ANY ERROR COMPLAINED OF WAS NOT ADEQUATELY PRESERVED BELOW, DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."
The following facts are relevant to this appeal. On May 21, 1998, the Lucas County Grand Jury issued an indictment against appellant for one count of aggravated robbery in violation of R.C.2911.01(A)(3). Appellant subsequently entered a plea of not guilty, and, on July 21, 1998, the matter was tried to a jury. The following testimony was presented.
Phillip Ciesinski testified that he arrived at the Yours and Ours Bar, in the city of Toledo, between 9:30 p.m and 10:00 p.m. on the evening of April 29, 1998. He stated that, prior to arriving at the bar, he drank approximately twelve beers, and had no more than two additional beers while at the bar. He further testified that he had approximately $50 when he went into the bar, that he used some of this money to pay for his drinks, and that he put the change in his front shirt pocket. Then, according to Ciesinski's testimony, he left the bar through the side door at approximately 10:00 p.m. to 10:30 p.m. While in the parking lot at the side of the building, Ciesinski was approached by a black male wearing a white shirt who asked him if he wanted to buy some drugs. Ciesinski testified that he said no. During this discussion, the man asked Ciesinski if he had any money and Ciesinski responded by pointing to his pocket. Ciesinski then stated that as he turned to walk away, the man hit him over the head at least three times with a hard object. At trial, Ciesinski could not identify his attacker. Ciesinski testified that he did not re-enter the bar, but was uncertain whether he ever lost consciousness. Ciesinski did remember being helped off the ground by a black female, assisted by a police officer, and being put in an ambulance. As he was getting into the ambulance, he noticed that his money was missing from his pocket. Ciesinski further testified that he received medical treatment, including numerous stitches to his head.
Patrick Gibson, a witness to the incident, also testified. Gibson testified that he has known appellant for five to ten years. As he was leaving the restroom, which was located near the exit, Gibson saw a white male and a black male, whom he identified as appellant, wrestling with each other for a few minutes in the parking lot. He then saw appellant hit the other man in the head and shoulder area at least two times and then go through the man's pockets. Gibson then stated that after he had witnessed this incident, he told the owner that a man was injured. While he was drinking a beer, Gibson saw the bleeding victim come back into the bar. Gibson testified that eventually the victim went back outside where he was treated by emergency personnel. About twenty minutes after he witnessed the incident, Gibson left the bar and started walking home. During his trip home, Gibson stopped a police cruiser and told the officers what he had witnessed and that appellant was the attacker.
The third person to testify at trial was Officer Donna Marshall, with the Toledo Police Department. Officer Marshall testified that she was on duty on April 29, 1998 when she was dispatched to the Yours and Ours Bar for a robbery. When she arrived, Ciesinski was already in the ambulance and his head was bleeding. According to Officer Marshall's testimony, Ciesinski reported that night that he had been hit in the head with an object that looked like a billy club. He also told the officer that, prior to hitting him with the club, his attacker had asked him if he wanted to buy some crack, and he said no. Ciesinski's attacker then demanded money and Ciesinski again refused. Marshall testified that Ciesinski told her the man then pulled a club out of his pocket and started hitting Ciesinski in the head area. Officer Marshall further testified that while en route from the bar to the hospital, she and her partner were stopped by Gibson who identified appellant as the attacker.
After the testimony of these three individuals, the case went to the jury. On July 21, 1998, the jury found appellant guilty of aggravated robbery and, on July 29, 1998, appellant was sentenced to six years in prison.
In his first assignment of error, appellant asserts that the evidence presented at trial was legally insufficient to support a conviction. Specifically, appellant argues that the evidence is insufficient to establish (1) that appellant was the one who attacked Ciesinski, and (2) that Ciesinski had any money stolen from him.
R.C. 2911.01(A)(3) states that "[n]o person, in attempting or committing a theft offense, as defined in section2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, or attempt to inflict, serious physical harm on another."
Sufficiency of the evidence is a legal standard which is used to determine whether the evidence is legally sufficient to support a jury verdict. State v. Thompkins (1997), 78 Ohio St.3d 380,386, citing Black's Law Dictionary (6 Ed. 1990) 1433. In making this determination, an appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, 273.
This court has thoroughly considered the entire record of proceedings in the trial court and finds that sufficient evidence was presented from which, when viewed in a light most favorable to the state, a rational trier of fact could have found the essential elements of aggravated robbery proven beyond a reasonable doubt. The record includes eyewitness testimony from Gibson, who has known appellant for five to ten years, that he saw appellant strike a white male over the head a number of times in the parking lot of Yours and Ours Bar on April 29, 1998, and then rifle through his pockets. Appellant argues that this testimony is "clearly questionable" as the testimony of Gibson is contradicted in some respects by the testimony of Ciesinski.
However, these apparent contradictions in the testimony can easily be explained and the testimony of the two witnesses did not conflict on the issue of the identification of the attacker. Furthermore, even if the testimony was inconsistent on this issue, the trier of fact is given deference in the resolution of such conflicting testimony. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
As to appellant's argument that the evidence is insufficient to establish that Ciesinski had any money taken from him, this argument also fails. First, there is sufficient evidence that Ciesinski had money taken from him. Ciesinski testified that he had the money in his front pocket after having ordered his drinks and that the money was not in his pocket when he was in the ambulance. This testimony, when combined with Gibson's testimony, is sufficient evidence that appellant took the money. See, State v. Davis (1996), 76 Ohio St.3d 107, 115-16
(evidence that victim habitually wore watch and wedding ring and that these items were missing after victim was found murdered and her car rifled through, when coupled with circumstances of kidnaping and murder, was sufficient to support finding of theft offense). More important, proof that money was actually stolen is not a necessary element of aggravated robbery under 2911.01(A)(3). It is sufficient if the state proves that appellant injured Ciesinski while attempting to commit a theft offense. There is sufficient evidence showing that appellant was attempting to commit a theft offense. Ciesinski testified that the man who attacked him asked him if he had any money and in response, Ciesinski had pointed at his pocket. Furthermore, at the time of the incident, Ciesinski reported to the police that his attacker demanded money from him and that it was after he said no that he was attacked. Additionally, Gibson testified that after hitting the victim on the head, appellant went through the victim's pockets. Based on this evidence, a rational trier of fact could find the elements of aggravated robbery proved beyond a reasonable doubt. Appellant's first assignment of error is found not well-taken.
For his second assignment of error, appellant argues that the verdict is against the manifest weight of the evidence. When considering whether a verdict is against the weight of the evidence, "the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Thompkins, 78 Ohio St.3d at 387, citing Tibbs v.Florida (1982), 457 U.S. 31, 42. To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id., citing State v.Martin (1983), 20 Ohio App.3d 172, 175.
This court has reviewed the evidence and cannot say that the jury clearly lost its way or created a manifest miscarriage of justice by finding appellant guilty of aggravated robbery. As previously discussed, Gibson identified appellant as the person who repeatedly struck a white male over the head in the parking lot of Yours and Ours Bar on the evening in question and then rifled through his pockets. Further, Ciesinski testified that he had money in his pocket prior to this incident, and that the money was found missing shortly after his attack. As to these relevant points, there is no testimony to the contrary. Appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that "insofar as any error complained of was not adequately preserved below," he was denied the effective assistance of counsel. With this "catch-all" assignment of error, appellant has not cited any place in the record where this error is reflected, as required by App.R. 16. Similarly, appellant has failed to articulate any instance where counsel's performance fell beyond an objective standard of reasonable representation or present any evidence that appellant was prejudiced by counsel's performance. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, citing State v. Lytle (1976), 48 Ohio St.2d 391; Strickland v.Washington (1984), 466 U.S. 668, followed. Therefore, and based on this court's thorough review of the record, we find appellant's third assignment of error not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., Richard W. Knepper, P.J., CONCUR.